Matter of JW (2025 NY Slip Op 25048)

[*1]

Matter of JW

2025 NY Slip Op 25048

Decided on February 25, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 25, 2025
Civil Court of the City of New York, Kings County

In the Matter of the Application of JW 
 For Leave to Change Name and Change Sex Designation

Index No. NC-001792-24/KI

Petitioner, pro se.

Sandra Elena Roper, J.

RECITATION, AS REQUIRED BY CPLR 2219(a), OF THE PAPERS CONSIDERED IN THE REVIEW OF THIS MOTION
PETITION/EXHIBITS 1-8
This Honorable Court Decides and Orders Sua Sponte, upon Application of Petitioner JW identified as non-binary seeking Declaratory Judgment for Name Change and Sex Designation to X, pursuant to the Civil Rights Law §64-a and §67-b to Seal Court Records is hereby under separate Sealed Order Granted.
Herein, Petitioner seeks a change of name and sex designation change to X to coincide with their non-binary identification, in one of the very limited matters in which this court sits as a court of equity pursuant to the 2021 Gender Recognition Act of the Civil Rights Law Article 6. In sitting as a court of equity in such ex-parte petition for declaratory judgment "'the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just'"(Piccirilli v Benjamin, 226 AD3d 1233, 1238 [3d Dept 2024]), citing State v Barone, 74 NY2d 332 [1989]), quoting CPLR 3017 [a]). There are broader considerations of the underpinning legislative intent and history beyond the text of the black letter law in decision-making of such declaratory judgments in equity. Herein, the issue before this court is whether within its powers in equity may sua sponte seal court records of a change of name and sex designation pursuant to NY CLS Civ R §64-a and §67-b where Petitioner does not seek the prayer of relief to seal. This is distinguished from the recently decided matter in which the issue presented was as to the unintended legislative internal inconsistency of the "totality of the circumstances test" pursuant to NY CLS Civ R §64-a as applied to a Transgender person who requests sealing (Matter of KA, 2025 NY Slip Op 50128[U] [Civ Ct, Kings County 2025]). This Court is sensitive to not intend to patronize, to not relegate to victimhood nor to detract from the outward Pride of who they are as Transgender people. However, as a Court of Equity, this Court has "the power to dispose of all matters at issue and to grant complete relief in accordance with the equities of the case" (id. at 1237). 
To grant full relief here, even where not demanded, requires comprehensive consideration of grave matters of societal public safety protections to Petitioner, not merely confined to this court's geographical jurisdiction. Rather, this Petition is indelible in perpetuity for all to see not merely in Brooklyn, New York City but extending nationally as well as [*2]globally. Petitioner's safety in Brooklyn does not necessarily extend to wherever the Transgender person's life may take them in the future. This is indeed a significant life altering change for a member of a community that faces unfortunate consequential public ridicule, discrimination and hate crimes.[FN1]
Similarly to de jure decree that a Black slave is 3/5 of a human being does not make it factually so, likewise, the de jure decree or edict of the non-existence of Transgender people does not make it factually so. However, such a de jure decree indeed further bolsters the need for public safety protections of that denied demographic. Regardless of the discriminatory de jure edict proclaiming the non-existence of Transgender people, a hate crime against a Transgender person, like any other crime, is against The People. NY CLS Civ R §67 statutorily establishes the sex designation X, which is not universally accepted and actually scorned and reviled in some sectors of society here and abroad. It may be argued that sealing is contrary to a proud Transgender, non-binary, or gender nonconforming person's intent. Historically, the Interracial demographic has statutorily been defined to apply exclusively to Black and White mixed blood pursuant to overruled miscegenation laws, which now have freedom of choice of racial classification without criminal recrimination (see Loving v Virginia, 388 US 1, 2 [1967]). Prior to the landmark case, the de jure one- drop-rule [FN2]
statutorily mandated the Interracial to be classified as the Black demographic even though defied by immutable characteristics. Once overturned, a non-Black appearing Interracial with no Black characteristics may choose to openly and proudly publicly choose to self-identify as such. Similarly, the Transgender, non-binary or gender nonconforming person may also choose to live openly and proudly and publicly choose to self-identify as such. Therefore, perhaps in choosing the X gender marker in and of itself is intended to be open and proud. Accordingly, this intent to not choose to seal is an extension and reaffirmation of their proud identification. However, this court in equity is tasked with the holistic implications of its decision upon Petitioner, even where, as here, sealing of the court records is not being demanded.
For the foregoing reasons, This Court Sitting In Equity, notwithstanding that the relief of Sealing was not prayed for relief, in the best interest, and what is just, and right, and good for Petitioner JW's Change of Name and Change of Sex Designation, pursuant to Civil Rights Law §64-a , §67-b, the court records attendant thereto are hereby Ordered Sealed, Sua Sponte.
This constitutes the opinion, order and decision of This Honorable Court.
Dated: February 25, 2025
Brooklyn, New York
SANDRA ELENA ROPER
Judge of the Civil Court

Footnotes

Footnote 1: Office of the New York State Comptroller, https://www.osc.ny.gov/reports/concerning-growth-hate-crime-new-york-state - 8/19/2024.

Footnote 2: PBS, https://www.pbs.org/wgbh/pages/frontline/shows/jefferson/mixed/onedrop.html.